UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DOWNING, #364843,

        Plaintiff,

                                  CASE NO. 2:11-CV-15434
v.                                  HONORABLE LAWRENCE P. ZATKOFF

CORRECTIONS OFFICER METZMAKER,

        Defendant.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### **I.**

The Court has before it Plaintiff Michael Downing's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff makes the following factual allegations in his complaint:

> I spoke to RUM Metzmaker and she said the same rumor right to my face. I was shook down recently by RUO Dibble due to being seen holding a 'shank' to the neck of another inmate in the T.V. room. This action has me in fear of what may be next because the harassment has spread even to the RUM and the supervising officers (Lt. Bohl). I am afraid I will be set up with a 'shank.' I am in fear of my life because I have been threatened by administrative officials . . . .

Complaint, p. 3. Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment is being violated by prison officials due to the threats being made against him. *Id*. He does not name a particular defendant in this action, although presumably he seeks to sue Resident Unit Manager Metzmaker and/or other officers at the Gus Harrison facility. He seeks a prison

transfer, suspension of the officers, and monetary damages for pain and suffering and anguish. Having reviewed the complaint, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and dismisses the complaint. The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.[1]

## II.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See*

---

[1]Plaintiff has filed a similar complaint against Resident Unit Officer Dibble in Case No. 2:11-CV-15435, which is subject to summary dismissal on the same grounds.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

A *pro se* civil rights complaint is construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff alleges that the defendant (or defendants) have violated his constitutional rights by engaging in acts of verbal harassment. However, allegations of harassment and verbal threats are insufficient to state a civil rights claim under § 1983. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004); *see also Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (ruing that verbal threats and abuse made in retaliation for filing grievances are not actionable). Plaintiff's allegations of verbal

3

harassment fail to state a claim upon which relief may be granted under § 1983.

Petitioner also asserts that he is being subject to cruel and unusual punishment in violation of the Eighth Amendment. To state such a claim, a prisoner must allege that the offending conduct constitutes an "unreasonable and unwanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). Such a claim has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that the pain be serious or concern the deprivation of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). The subjective component requires that the offending conduct be intentional or deliberately indifferent. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Wilson*, 501 U.S. at 301-03. Plaintiff has not alleged facts to support any such claim. It is well-established that conclusory allegations are insufficient to state a claim under § 1983. *See Maldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). A shakedown is a normal incident of prison life which is neither cruel nor unusual, absent circumstances which would make it so, such as the use of excessive force, retaliatory motive, or repeated searches intended to harass. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (stating that the Eighth Amendment stands as protection against cruel and unusual punishment and indicating that such could occur for "calculated harassment" unrelated to prison needs); *see also Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (rubbing prisoner's buttocks during shakedown did not rise to the level of an Eighth Amendment violation); *Boles v. Overton*, 14 F.3d 600, 1993 WL 533572, *3 (6th Cir. 1993) (allegation of rough treatment during shakedown "simply does not rise to the level of cruel

and unusual punishment"). Plaintiff has failed to allege facts showing cruel and unusual punishment so as to state an Eighth Amendment claim under § 1983.

To the extent that Plaintiff's complaint can be broadly construed as alleging a violation of his Fourth Amendment right not to be subject to an unreasonable search, he also fails to state a claim upon which relief may be granted. It is well-established that a prisoner's cell may be searched without violating the Fourth Amendment because a prisoner has no reasonable expectation of privacy in his cell. *See Hudson*, 468 U.S. at 525-26. Furthermore, assuming that a prisoner retains some privacy rights in prison, the Fourth Amendment does not prohibit the search of a prisoner as long as the search is reasonable in scope, manner, and location, is reasonably related to a valid penal goal, and is not performed for a wrongful purpose. *See Bell v. Wolfish*, 441 U.S. 520, 558-59 (1970). Plaintiff has not alleged facts which show that any "shakedown" was improper. To be sure, if prison officials conducted the search due to safety concerns about a weapon, their actions were justified.

Plaintiff also states that he fears future harm from prison officials. Plaintiff's claim that he may be subject to improper conduct by prison officials in the future is speculative and conclusory in nature. As noted, conclusory allegations are insufficient to state a civil rights claim under § 1983. *See Maldowan*, 578 F.3d at 390-91; *Lanier*, 332 F.3d at 1007; *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).

Lastly, to the extent that Plaintiff seeks damages for mental anguish or emotional distress, his complaint must be dismissed. The PLRA specifically provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). This bar applies to

statutory and constitutional claims. *See Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). Plaintiff fails to allege any facts to establish a physical injury resulting from the disputed conduct. His claims of mental anguish must therefore be dismissed.

### IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint. The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: December 28, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 28, 2011.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290